UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOUG LONGHINI,

    Plaintiff,
v.

GALLART INVESTMENT, INC.;
GALLART OIL, CORPORATION; and
SUPER CAFETERIA OF MIAMI CORP.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues GALLART INVESTMENT, INC.; GALLART OIL, CORPORATION; and SUPER CAFETERIA OF MIAMI CORP. (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing

in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, GALLART INVESTMENT, INC., owned and operated a place of public accommodation at 7850 NW 74th Street, Medley, Florida 33166 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida.

6. At all times material, Defendant, GALLART INVESTMENT, INC., was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Medley, Florida.

7. At all times material, Defendant, GALLART OIL, CORPORATION, owned and operated a gas station business at 7850 NW 74th Street, Medley, Florida 33166 (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade, Florida. Defendant, GALLART OIL, Corporation, holds itself out to the public as "Chevron #7850."

8. At all times material, Defendant, GALLART OIL, CORPORATION, was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Medley, Florida.

9. At all times material, Defendant, SUPER CAFETERIA OF MIAMI CORP., owned and operated a commercial restaurant within 7850 NW 74th Street, Medley, Florida 33166 (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade, Florida. Defendant, SUPER CAFETERIA OF MIAMI CORP., holds itself out to the public as "Super Cafeteria of Miami."

10. At all times material, Defendant, SUPER CAFETERIA OF MIAMI CORP., was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its

principal place of business in Medley, Florida.

11. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

12. Although over twenty-eight (28) years has passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

13. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

14. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

15. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

16. Defendant, GALLART INVESTMENT, INC., INC., owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

17. The subject Commercial Property is open to the public and is located in Medley, Miami-Dade County, Florida.

18. The individual Plaintiff visits the Commercial Property and business located within the Commercial Property, regularly, and returned to the Property to document the ADA barriers at the Commercial Property and business located within the Commercial Property on or about May 20, 2021, encountering multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein. He often visits the Commercial Property and business located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately fifteen (15) miles from his residence and is near his friends' residences as well as other business he frequents as a patron. He plans to return to the Commercial Property and the business located within the Commercial Property within two (2) months of filing this Complaint, specifically on or before July 30, 2021.

19. Plaintiff resides nearby in the same County and state as the Commercial Property and the business located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the business located within the Commercial Property for the intended purposes because of the proximity to his and his friends' residences and other business that he frequents as a patron, and intends to return to the Commercial Property and business located within the Commercial Property within two (2) months from the filing of this Complaint. Specifically, Plaintiff intends to revisit the Property on or before July 30, 2021.

20. The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and

wishes to continue his patronage and use of each of the premises.

21.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at Defendant's Commercial Property, and the business located within the Commercial Property has each denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and has endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, has likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

22.     Defendants, GALLART INVESTMENT, INC.; GALLART OIL, CORPORATION; and SUPER CAFETERIA OF MIAMI CORP., own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendants, GALLART INVESTMENT, INC.; GALLART OIL, CORPORATION; and SUPER CAFETERIA OF MIAMI CORP., are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, GALLART INVESTMENT, INC.; GALLART OIL, CORPORATION; and SUPER CAFETERIA OF MIAMI CORP., own and/or operate is located at 7850 NW 74th Street, Medley, Florida 33166.

23.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff

desires to visit the Commercial Property and business located therein, not only to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

24. Defendant, GALLART INVESTMENT, INC., INC., as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in this Complaint.

25. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

27. Defendants have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Entrance Access and Path of Travel

i. The plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards,

  whose resolution is readily achievable.

ii. The plaintiff could not traverse through areas of the facility, as the required 36" path isn't provided due to objects that obstruct the path of travel. Violation: There isn't a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.2.1 & 4.3.3 of the ADAAG, 28 CFR 36.211, and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v. The plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. <u>Access to Goods and Services</u>

i. The plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    C. <u>Public Restrooms</u>

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance is not provided. Violation: The restroom area door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff had difficulty using the doorknob on the restroom area door without assistance, as it requires tight grasping. Violation: The restroom area door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA

   Standards, whose resolution is readily achievable.

v. The plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff could not transfer to the toilet without assistance, as a wall is within the required clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff could not transfer to the toilet without assistance, as the grab bars are missing. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

x.  The plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.  The plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory violating Sections 4.19.5 and 4.27.4 of the ADAAG and Sections 309.4 and 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

xii.  The plaintiff could not enter the restroom without assistance, as the distance between the inner and outer restroom doors is less than 48". Violation: The distance between two doors in a series is less than the prescribed minimum violating Section 4.13.7 of the ADAAG and Section 404.2.6 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

28.  The discriminatory violations described in both Counts are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the Commercial Business and business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's

representatives pursuant to Federal Rule of Civil Procedure 34.

29. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

31. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all

those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

32. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate the business, located at and/or within the commercial property located at 7850 NW 74th Street, Medley, Florida 33166, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement

of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: June 15, 2021

        **GARCIA-MENOCAL & PEREZ, P.L.**
        *Attorneys for Plaintiff*
        4937 S.W. 74th Court
        Miami, Florida 33155
        Telephone: (305) 553-3464
        Facsimile: (305) 553-3031
        Primary E-Mail: ajperez@lawgmp.com
        Secondary E-Mails: bvirues@lawgmp.com
         aquezada@lawgmp.com

        By: ___/s/ Anthony J. Perez_____
            ANTHONY J. PEREZ
            Florida Bar No.: 535451
            BEVERLY VIRUES
            Florida Bar No.: 123713